IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIM. CASE NO. 2:23-cr-129-ECM |
| | ) | [WO] |
| BRENDEN NOEL | ) | |

**MEMORANDUM OPINION and ORDER**

Now pending before the Court is Defendant Brenden Noel's unopposed motion to continue trial date (doc. 34) filed on January 11, 2024.  Jury selection and trial are presently set on the term of court commencing on February 5, 2024.  For the reasons set forth below, the Court will grant a continuance of the trial pursuant to 18 U.S.C. § 3161(h)(7).

While the trial judge enjoys great discretion when determining whether to grant a continuance, the Court is limited by the requirements of the Speedy Trial Act. 18 U.S.C. § 3161; *United States v. Stitzer*, 785 F.2d 1506, 1516 (11th Cir. 1986).  The Act provides in part:

> In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs.

18 U.S.C. § 3161(c)(1).

The Act excludes, however, certain delays from the seventy-day period, including delays based on "findings that the ends of justice served by taking such action outweigh

the best interest of the public and the defendant in a speedy trial." *Id.* § 3161(h)(7)(A).   In

determining whether to grant a continuance under § 3161(h)(7), the Court "shall consider,"

among other factors, whether denial of a continuance would likely "result in a miscarriage

of justice," or "would deny counsel for the defendant . . . the reasonable time necessary for

effective preparation, taking into account the exercise of due diligence." *Id.*

§ 3161(h)(7)(B)(i), (iv).

Counsel for the Defendant represents to the Court that the parties have been

attempting to resolve this case pursuant to a plea agreement and that the Government has

provided a proposed plea agreement, but defense counsel has not yet had an opportunity to

meet with the Defendant to review the proposal prior to the current plea deadline.   The

United States does not oppose a continuance.   After careful consideration, the Court finds

that the ends of justice served by granting a continuance of this trial outweigh the best

interest of the public and the Defendant in a speedy trial.   Accordingly, for good cause, it

is

ORDERED that the motion to continue (doc. 34) is GRANTED, and jury selection

and trial are CONTINUED from February 5, 2024, to the criminal term of court set to

commence on **April 22, 2024, at 10:00 a.m.** in Montgomery, Alabama.   All deadlines tied

to the trial date are adjusted accordingly.

The United States Magistrate Judge shall conduct a pretrial conference prior to the

April trial term.

Done this 12th day of January, 2024.

        /s/ Emily C. Marks
EMILY C. MARKS
CHIEF UNITED STATES DISTRICT JUDGE